UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHONDA K. MILLION,               :        Case No. 1:16-cv-746
                                 :
      Plaintiff,                 :        Judge Timothy S. Black
vs.                              :
                                 :
WARREN COUNTY                    :
SHERIFF'S OFFICE,                :
                                 :
      Defendant.                 :

## ORDER DENYING DEFENDANT'S MOTION
## FOR JUDGMENT ON THE PLEADINGS (Doc. 12)

This civil action is before the Court on Defendant's motion for judgment on the pleadings (Doc. 12) and the parties' responsive memoranda (Docs. 17, 19).

## I.    BACKGROUND FACTS

On July 11, 2016, Plaintiff filed a *pro se* complaint alleging sex discrimination in violation of Title VII of the 1964 Civil Rights Act. Plaintiff attached copies of the charge she filed with the Equal Employment Opportunity Commission ("EEOC") and the Notice of Right to Sue issued by the Department of Justice ("DOJ") on April 12, 2016.

Plaintiff filed a charge with the EEOC on or about July 26, 2013. (Doc. 3-1 at 1). In the charge, she listed her address as 6091 Paullin Drive, Middletown, Ohio 45042. (*Id*.) On April 12, 2016, the DOJ sent Plaintiff a Notice of Right to Sue at the Paullin Drive address.[1] The Notice stated that the DOJ decided not to file suit on Plaintiff's

---

[1] Plaintiff's complaint lists her address as 6091 Paullin Drive in Middletown, Ohio, the same address presented in her 2013 EEOC charge. (Doc. 3 at 1).

behalf and that she had 90 days from her receipt of the letter to do so.  (Doc. 3-1 at 2).

Plaintiff filed this action on July 11, 2016, within the 90-day period.  (Doc. 3 at 1).

Defendant filed its answer on September 30, 2016 and attached a Notice of Right to Sue from the DOJ dated November 20, 2015.  (Doc. 8-1 at 1).  The November 20, 2015 Notice stated that "suit must be filed in the appropriate court within 90 days of your receipt of this Notice."  (*Id*.)  Plaintiff's name appears on the Notice, but it lists her address as 6751 Glen Hills Drive, Englewood, Ohio 45322.  (*Id*.)

Defendant claims that Plaintiff's lawsuit is untimely, because it was filed more than 90 days after the issuance of Notice of her Right to Sue by the EEOC on November 30, 2015.  Defendant argues that the later issued Notice, dated April 12, 2016, is invalid. Plaintiff argues that Defendant has failed to establish that the DOJ mailed the November 20, 2015 Notice to Plaintiff's correct address, so there is a dispute regarding whether the presumption of receipt, upon which Defendant relies, applies.

## II.    STANDARD OF REVIEW

The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."  *Id.* (*citing JPMorgan Chase Bank v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). In fact, in determining a motion to dismiss, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation[.]'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.*

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere

3

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id*. (*citing* Fed. Rule Civ. P. 8(a)(2)).

## III. ANALYSIS

### A. Statute of Limitations

"Before a plaintiff alleging discrimination under Title VII can bring suit in federal court, she must satisfy two administrative prerequisites: '(1) by timely filing charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notices of the right to sue.'" *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

As to the second requirement, a plaintiff must file a Title VII civil action in federal court within ninety days after receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1).

> The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations terms begins running, on the fifth day following the EEOC's mailing of a [right-to-sue] notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration, unless the plaintiff rebuts that presumption with proof that he or she did not receive notification within that period.

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

4

**B.     Presumption of Actual Delivery**

Defendant's motion is based on a presumption that a letter is received within five days of mailing.  However, the ninety-day limitations period begins to run on the fifth day following the EEOC's mailing of a right to sue notification to the claimant's *record residential address*.  *Graham-Humphreys*, 209 F.3d at 557.  The Sixth Circuit has determined that this rebuttable presumption arises upon proof that the document was "properly addressed, had sufficient postage, and was deposited in the mail."  *In re: Yoder Co.*, 758 F.2d 1114, 1118 (6th Cir. 1985).  Once a party provides proof sufficient to raise the mailbox rule presumption, it may be rebutted by testimony of non-receipt of the document.  *Id.*  "Testimony of non-receipt, standing alone, would be sufficient to support a finding of non-receipt."  *Id.*

Defendant is not entitled to the mailbox rule presumption because Defendant has not established that 6751 Glen Hills Drive in Edgewood, Ohio was Plaintiff's "record residential address."  Plaintiff's 2013 EEOC charge, her complaint filed in this action, and the April 12, 2016 letter from the DOJ all list Plaintiff's address as 6091 Paullin Drive, in Middletown, Ohio.  (Doc. 3 at 1; Doc. 3-1).  Moreover, the November 20, 2015 Notice upon which Defendant relies was addressed to Plaintiff via certified mail return receipt requested.  (Doc. 8-1).  As a result, if the November 20, 2015 Notice was received or refused, there should be a signed receipt or some other record of delivery or refusal by Plaintiff.  In fact, publicly available information from the Postal Service's website for the

relevant tracking number indicates that the November 20, 2015 Notice was "undeliverable as Addressed."  (Doc. 17-1).

Since Defendant has not offered any proof that Plaintiff resided at the Glen Hills address listed in the November 20, 2015 Notice of Right to Sue, the Court declines to dismiss this action based on Defendant's presumption that Plaintiff's record residential address was in Englewood, Ohio.

### C.    Tolling

Where an individual receives two letters on different dates regarding the same final agency decision, "a second right to sue letter tolls the limitations period only if the EEOC issues the second letter pursuant to a reconsideration on the merits under 29 C.F.R. Section 1601.21(b)."  *Bachochin v. Shire PLC*, No. 1:06cv486, 2008 U.S. Dist. LEXIS 12626, at *27 (S.D. Ohio Feb. 6, 2008).  "[A] second EEOC letter…[is] not effective if there [is] no reconsideration."  *Id.*  Where the EEOC reissued a Notice merely to correct a technical defect rather than pursuant to a reconsideration of the Charge, issuance of that second Notice is immaterial and a district court does not err in finding the Title VII claims time-barred.  *Id.* at 27-28.

Defendant claims that because the DOJ's April 2016 Notice was not issued pursuant to reconsideration on the merits, it is "invalid" and does not toll the limitations period.  However, this implies that the November 20, 2016 Notice was properly addressed and constituted a valid Notice of Right to Sue in the first place.  As a result, the reason underlying the DOJ's decision to send a new Notice to Plaintiff in April 2016 at

the Paullin Drive address presents a question that cannot be answered from the face of the complaint or the DOJ's November 20, 2015 Notice.

Defendant also argues that a second letter issued by the EEOC to correct a "technical defect" is immaterial. However, an incorrect address is more than a technical defect, since it destroys the presumption of receipt upon which Defendant relies. Here, there is no evidence that Plaintiff received the November 20, 2015 Notice within the presumed time limit.

In sum, there are factual matters that cannot be resolved on the pleadings alone. Specifically: (1) whether the November 20, 2015 Notice was sent to Plaintiff's record residential address; (2) whether Plaintiff received the November 20, 2015 Notice or had notice of it within five days of its mailing (if the mailbox presumption applies); and (3) the DOJ's rationale for sending Plaintiff a second Notice at a different address on April 12, 2016.

Therefore, since it is unclear why the April 2016 Notice was issued, the Court cannot find, as a matter of law, that the April 2016 Notice fails to toll the limitations period.

## IV.   CONCLUSION

Accordingly, for these reasons, Defendant's motion for judgment on the pleadings (Doc. 12) is **DENIED**.

**IT IS SO ORDERED**.

Date: ___2/1/17___

_____
Timothy S. Black
United States District Judge

8